UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MICHELE S. KAHLE, Personal Representative of the Estate of Tyler Thomas Kahle, | ) ) ) ) | |
| Plaintiff, | ) ) | 2:09-cv-0008-JWS |
| vs. | ) ) | ORDER AND OPINION |
| EXECUTIVE FORCE AUSTRALIA PTY LTD, an Australian Proprietary Company, | ) ) ) ) | [Motions at Docs. 13, 16, 18, 20, 22, and 23] |
| Defendant. | ) ) ) | |

# I. MOTIONS PRESENTED

At docket 13, plaintiff Michele S. Kahle ("Kahle") moves to remand this matter to Alaska Superior Court for the Third Judicial District at Nome. At docket 15, defendant Executive Force Australia PTY LTD ("Executive Force") opposes the motion. At docket 16, Executive Force moves for leave to accept an amended notice of removal, which was filed at docket 17. At docket 19, Kahle replies in support of its motion to remand; Kahle moves to strike Executive Force's amended notice at docket 20. At docket 22, Kahle also moves to strike the affidavit of Victoria Greensmith, which was filed by Executive Force at docket 15-1. At docket 24, Executive Force opposes Kahle's motion

to strike the Greensmith affidavit and, at docket 25, opposes Kahle's motion to strike Executive Force's notice of removal. At docket 26, Kahle replies in support of her motion to strike Executive Force's amended notice. Kahle did not reply in support of her motion to strike the Greensmith affidavit. Oral argument was twice requested by Executive Force, at dockets 18 and 23. Because oral argument would not assist the court, both requests are denied.

## II. BACKGROUND

On July 19, 2009, Kahle, then proceeding *pro se*, instituted multiple actions, including this one, against five different defendants in Alaska Superior Court for the Third Judicial District at Nome. Of the five defendants, four have noticed removal to this court.[1] Each matter arises from the July 19, 2007 death of Tyler Thomas Kahle ("Tyler") at the Rock Creek Gold Mine Construction Project in Nome. Tyler was an employee of Alaska Mechanical, Inc., and was allegedly killed while a passenger in a 1997 JLG 120HX manlift bearing serial number 0541920300031742. The lift purportedly toppled over while descending from an elevated location. Kahle alleges damages arising from Tyler's death pursuant to AS 09.55.580 in excess of $2 million and costs in excess of $500,000. Executive Force seeks to remove this matter based on diversity jurisdiction, 28 U.S.C. §§ 1332 and 1441. Specifically, Executive Force contends that the amount in controversy stated in Kahle's complaint is well in excess of the $75,000 jurisdictional

---

[1]Aside from Executive Force, the other four defendants include Alaska Gold Company ("Alaska Gold"), JLG Industries, Inc. ("JLG"), United Rentals Northwest, Inc. ("United"), and NovaGold Resources, Inc. ("NovaGold"). Only JLG, Alaska Gold, NovaGold, and Executive Force noticed removal.

floor, and that complete diversity exists between Executive Force, an Australian citizen, and Kahle, a resident of Wisconsin.[2]

Kahle moves to remand the matter on several grounds: (1) Executive Force failed to allege Kahle or Tyler's citizenship, rendering the jurisdictional basis for diversity inadequate; (2) Executive Force failed to obtain the consent of all defendants prior to removal; and (3) Alaska Gold is a citizen of Alaska, destroying complete diversity.[3] Executive Force opposes Kahle's motion to remand, arguing that there is no dispute that (1) Executive Force's original basis for removal was on diversity grounds; (2) no consent was required because no co-defendants were named; and (3) Alaska Gold's citizenship is immaterial because Alaska Gold is a non-party.[4] Executive Force also moves to amend its notice of removal to cure its initial failure to allege Kahle and Tyler's citizenship pursuant to 28 U.S.C. § 1653.[5] Kahle moves to strike the amendment, arguing that it improperly adds a new jurisdictional basis for diversity in the face of opposition regarding Kahle and Tyler's citizenship.[6] Kahle also moves to strike the affidavit of Victoria Greensmith on the ground that it is "wholly impertinent to the removal/remand issue at hand."[7] Executive Force opposes Kahle's motion to strike the

---

[2]Docket 1.

[3]Docket 14 at 3-6.

[4]Docket 15.

[5]Dockets 16 and 17.

[6]Docket 21 at 2-4.

[7]Docket 22 at 1.

affidavit on the ground that the affidavit is relevant to Executive Force's citizenship,[8] and opposes Kahle's motion to strike its amended notice on the ground that its original notice was defective, and it did not seek by amendment to add a new basis for removal.[9] Because the outcome of the motion to remand turns on the outcome of the motion to amend the notice of removal and the motion to strike amended notice, the court addresses the latter motions first.

### III. DISCUSSION

**A. Amendment of Notice and Motion to Strike Amended Notice**

The first issue to be resolved is whether Executive Force should be permitted under 28 U.S.C. § 1653 to amend its notice of removal to add the claim that Kahle and Tyler are citizens of Wisconsin. Section 1653 states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[10] In the context of a removal notice, § 1653 permits defective allegations of subject-matter jurisdiction to be amended liberally, and to be cured at any time prior to judgment[11] - indeed, as one prominent commentator noted, "cases disallowing amendment seem unnecessarily grudging in their attitude, as do some of the decisions dealing with other

---

[8] Docket 24.

[9] Docket 25.

[10] 28 U.S.C. § 1653.

[11] *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2003); *see also Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969); *Rossi, Turecamo & Co., Inc. v. Best Resume Serv., Inc.*, 497 F. Supp. 437, 439-40 (S.D. Fla. 1980) (discussing history of § 1653).

types of amendments of the notice of removal."[12]  A failure to allege citizenship of a party is a "defect" for purposes a § 1653 amendment.[13]

Here, although it adopted the term "resident," as used in Kahle's complaint, and failed in its original notice to assert any jurisdictional basis against Tyler, Executive Force amended its notice to allege that Kahle is a citizen of Wisconsin.  The court views this amendment as curative of jurisdictional defects because Executive Force's amended notice did not change the underlying basis for removal - diversity - or otherwise alter the jurisdictional facts.  Executive Force's amendment cures a defect in phraseology, and does not produce jurisdiction where none existed before.[14]  Therefore, the court grants Executive Force's motion to amend its notice, and denies Kahle's motion to strike Executive Force's amended notice.  The amended notice is the operative pleading.

**B. Motion to Remand and Motion to Strike Affidavit**

The final issue to be resolved is whether Executive Force has an appropriate basis for removal.  Because Kahle does not dispute that the amount in controversy exceeds $75,000, the only question is whether complete diversity exists.   Executive Force contends that even if Tyler were a citizen of Alaska, and not Wisconsin, that distinction is without a difference because diversity jurisdiction would still exist.   For purposes of Kahle's motion to remand, Executive Force is correct that it does not matter

---

[12] 14C Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Jurisdiction § 3733 (4th ed. 2009).

[13] *Id.*

[14] *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831-31 (1989).

whether Tyler was a citizen of Alaska or Wisconsin, because his citizenship in either state would still justify removal by an Australian corporation such as Executive Force.[15] Moreover, Executive Force is correct that it was under no obligation to obtain the consent of Alaska Gold, JLG, or any other defendant in Kahle's related lawsuits because they are only prospective co-defendants in a matter to be consolidated in the future, and were not co-defendants at the time of removal. Accordingly, Alaska Gold's Alaska citizenship would not destroy diversity for purposes of Kahle's suit against Executive Force.

## IV.  CONCLUSION

For the reasons set forth above, Executive Force's motion for leave to file an amended notice at docket 16 is **GRANTED**, while Kahle's motion to strike at docket 20 is **DENIED**.  Kahle's motion to strike the Greensmith affidavit at docket 22 and motion for remand at docket 13 are both **DENIED**.  Executive Force's requests for oral argument at dockets 18 and 23 are both **DENIED**.

DATED at Anchorage, Alaska, this 7th day of January 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15]In this regard, Kahle's motion to strike the Greensmith affidavit as "impertinent" is frivolous.  The Greensmith affidavit sets forth the citizenship of Executive Force, as relevant to Kahle's motion to remand on diversity grounds.  Therefore, Kahle's motion to strike the Greensmith affidavit is denied.